IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **ALFREDO GARCIA,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 5:10-0960 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 28, 2010, Petitioner, acting *pro se*,[1] filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner argues that he is being improperly denied a sentence reduction pursuant to 18 U.S.C. § 3621 because his sentence was enhanced based upon his possession of a firearm. (Id., p. 7.) First, Petitioner argues that his two-level enhancement pursuant to Section 2D1.1 of the Federal Sentencing Guidelines was a sentencing factor found by the district judge, which does not qualify as the "conviction" for purposes of Section 550.55(b). (Id., pp. 9 - 11.) Second, Petitioner claims "the Bureau's application of its regulation governing early release eligibility under § 3621(e), codified as 28 C.F.R. § 550.55, violate's Petitioner's constitutional right to equal protection." (Id., pp. 11 - 14.) Petitioner alleges that the BOP has violated his right to Equal Protection because inmates who are incarcerated, or have completed the RDAP program, in the Ninth Circuit are treated differently. (Id.) Petitioner explains that the BOP finds inmates eligible for early release pursuant to Arrington v. Daniels, 516

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

F.3d 1106 (9th Cir. 2008), if the inmate is currently housed in an institution located in the Ninth Circuit, or the inmate completed a RDAP at an institution located in the Ninth Circuit.[2] (Id., pp. 12 - 14.) Finally, Petitioner complains that "Section 550.55 of the Code of Federal Regulations was promulgated in violation of the Administrative Procedure Act and, therefore, must be invalidated." (Id., p. 14.) Citing Arrington, Petitioner argues that the categorical exclusion regulation promulgated by the BOP is invalid under the Administrative Procedures Act.[3] (Id., p. 5.) Petitioner states that "[a] review of the administrative record concerning 28 C.F.R. § 550.55 clearly demonstrates the Bureau has again failed to offer a rational explanation for its categorical exclusion of prisoners with weapons enhancements from early release under 18 U.S.C. § 3621(e)." (Id., p. 15.)

## **DISCUSSION**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot.

---

[2] Petitioner's claim that the BOP violated his right to Equal Protection because inmates who are incarcerated, or have completed the RDAP program, in the Ninth Circuit are treated differently due to the BOP's recognition of the *Arrington* decision, is without merit. *See Griffin v. Berkebile*, 2011 WL 4344024, * 6 - 7 (S.D.W.Va. 2011).

[3] To the extent Petitioner relies upon *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the undersigned notes that it is inapposite and District Courts within this Circuit have found that "the decision in *Arrington* is misguided due to binding precedent from the Supreme Court and the Fourth Circuit." *Minotti v. Whitehead*, 584 F.Supp.2d 750 (D.Md. 2008); *also see Brooks v. Berkebile*, 2010 WL 3521581 (S.D.W.Va. Aug. 16, 2010); *Holland v. Federal Bureau of Prisons*, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted § 550.55 contains a detailed explanation and may be applied retroactively"); *Johnson v. Ziegler*, 2009 WL 1097530(N.D.W.Va. April 22, 2009)(slip copy)(finding that *Arrington* was unpersuasive and declined to follow its holding); and *Hicks v. Federal Bureau of Prisons*, 603 F.Supp. 2d 835 (D.S.C. 2009)("Applying the standard articulated by the Fourth Circuit [that an agency's rationale for its decision be reasonably discernable], the Court concludes that the BOP's rule provides a sufficient rationale for excluding persons convicted under § 924(c) from early release consideration."), *aff'd*, 358 Fed.Appx. 393 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S.Ct. 3442, 177 L.Ed.2d 347 (2010).

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[4] and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942

---

[4] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on February 2, 2012.

3

(N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this

Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 29, 2013.

                                                  R. Clarke VanDervort
                                                  United States Magistrate Judge